UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARRY L. BARTLETT, | Case No. 1:07-cv-127 |
| Plaintiff, | Judge Herman J. Weber |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| ROBERT M. GATES, | |
| Defendant. | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 26) BE GRANTED AND THIS CASE BE CLOSED

This civil action is before the Court on Defendant Robert M. Gates' motion for summary judgment (Doc. 26) and Plaintiff's responsive memorandum (Doc. 27).

### I. BACKGROUND

This is an employment discrimination case arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII"). Plaintiff Barry L. Bartlett (male, YOB: 1946) alleges that he was not selected for the position of contract administrator, GS-12, at the Defense Contract Management Agency ("DCMA") because of his age and sex. (Doc. 1, ¶¶ 2, 10-18). Accordingly, Plaintiff brought this action against Robert M. Gates, Secretary of the U.S. Department of Defense (DCMA) for age and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

gender discrimination.

DCMA issued a vacancy announcement for the position of contract administrator, GS-12, in the agency's DCMA Dayton Operations Group in Cincinnati, Ohio. (Doc. 26, Ex. B; B-1). The qualification requirements for the position, which were set forth in the announcement, included one year of specialized experience at the GS-11 level in contract administration, contract negotiation, monitoring contract performance, and final closeout of contracts. (*Id*., Ex. B). A college degree was not a qualification requirement for any current Department of Defense ("DOD") employee who occupied a contract administrator position on or before September 20, 2000. (*Id*.)

Plaintiff applied for the advertised position, was found to be a qualified applicant, and his name was referred to the selecting official for consideration. (Doc. 26, Ex. B-2). At the time of his application, Plaintiff had been employed by DCMA as a GS-11 contract administrator since March 1981 for a period of approximately 24 years. (Doc. 1, ¶ 10). Therefore, Plaintiff had the requisite experience in contract administration required for the open position. (Doc. 26, Ex. B-3). Plaintiff also had a college degree (B.A., History, University of Cincinnati, 1968, GPA: 2.2), completed post graduate course work in Business Administration, and briefly attended law school. (*Id*.) However, Plaintiff never received any performance awards while employed at DCMA. (*Id*., Ex. A, pp. 9-10; Ex. B-3).

The selectee, Ms. Angela Lucas (female, YOB: 1966), also applied for the position, was found to be a qualified applicant, and was referred to the selecting official. (Doc. 26, Ex. B-2). At the time of her application, Ms. Lucas was employed by DCMA at its office at the General Electric ("GE") plant in Evandale, Ohio. (Doc. 26, Ex. B-4). Ms. Lucas was a contract administrator, GS-11, from May 1996 to the date of her selection in September 2005, performing the functions of contract administration, contract negotiation, monitoring contract performance and contract close out. (*Id.*) Therefore, Ms. Lucas also met the basic qualification requirements for the position. Ms. Lucas received several performance awards during her tenure as a GS-11 contract administrator and was also selected as the Federal Employee of the year in 1996 and 2003. (*Id.*) Although Ms. Lucas did not have a college degree, she had completed 55 hours of college credit with a major in accounting and a GPA of 3.1. (*Id.*)

The selecting official was Ms. Kathleen Lehman, Operatings Group Chief, DCMA-Dayton. (Doc. 26, Ex. B). Ms. Lehman made her selection based upon her review of the applicants' written application materials and her prior knowledge of the applicants' work performance. (*Id.*) Ms. Lehman found Ms. Lucas to be the best qualified applicant for the position based on her demonstrated high level of writing ability and communication skills. (*Id.*) Ms. Lehman was also familiar with Ms. Lucas' background and abilities because she had served as her second level supervisor during the time that the DCMA office at GE-Evandale reported to DCMA-Dayton. (*Id.*) Ms. Lehman found that Ms. Lucas had significant experience in contract negotiations

which was a critical function of the position at issue. (*Id*.) Ms. Lehman was also impressed by Ms. Lucas' numerous performance awards and her selection as the Cincinnati Area Federal Executive Board DCMA Employee of the Year in 1996 and 2003. (*Id*.)

Plaintiff's claim of discrimination is largely predicated on his conclusion that he was better qualified for the position of contract administrator than Ms. Lucas because he had more years of experience and a college degree. (Doc. 1, ¶¶ 10, 11). Plaintiff also claims that he was better qualified based on his familiarity with the contract workload in the Cincinnati office and that he had more experience than Ms. Lucas in working with progress payments, contractor financing, and contract negotiations. (*Id*., ¶ 12). Additionally, Plaintiff alleges that there is direct evidence of age discrimination in the form of a comment that he attributes to the selecting official to the effect that he "had a bad reputation in Dayton" and that "his 34 years of service was enough." (*Id*., ¶ 15; Doc. 26, Ex. A).

## II.    PROCEDURAL HISTORY

Plaintiff filed his *pro se* complaint (Doc. 1) on February 16, 2007, asserting the following claims:  (1) age discrimination in violation of the Age Discrimination in Employment Act, under 29 U.S.C § 623 *et seq*. and (2) gender discrimination under Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-17.

On May 5, 2008, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims on the basis that Plaintiff is unable to support his claim of discriminatory animus and cannot establish that the agency's reasons for its selection were pretextual.  (Doc. 26).  On June 10, 2008, Plaintiff responded to the motion for summary judgment (Doc. 27) and, accordingly, this matter is ripe for review.

### III.   STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . .  must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248 (1986).

## IV. ANALYSIS

### A. Direct Evidence of Discrimination

Plaintiff claims to have direct evidence of age discrimination in the form of comments made by his supervisor, Ms. Gail Lewin. (Doc. 1, ¶ 15). More specifically, Plaintiff claims that after a meeting in Dayton between Ms. Lewin and Ms. Lehman, Ms. Lewin called Plaintiff into her office and stated that he "had a bad reputation in Dayton" and that he "had 34 years, and that was enough." (*Id.*) Plaintiff claims that these comments did not originate with Ms. Lewin and that they are in fact attributed to Ms. Lehman. (*Id.*) However, Plaintiff offers no evidence, direct or otherwise, tying the alleged comments to the selecting official or to the selection action at issue. Regardless, even if the comments were made by Ms. Lehman, they do not rise to the level that is required to constitute direct evidence of discrimination.

Comments by a decision maker may, in rare circumstances, constitute direct evidence of discrimination, but the comments must be "clear, pertinent, and directly related to the decision-making personnel or processes." *Klaus v. Hilb, Rogal & Hamilton Co. of Ohio*, 437 F.Supp.2d 706, 725 (S.D. Ohio 2006). Comments that are considered direct evidence of discrimination "will be similar to an employer telling its employee, 'I fired you because you are female.'" *Johannes v. Monday Cmty. Corr. Inst.*, 434 F. Supp.2d 509, 514-515 (S.D. Ohio 2006). The fact that a remark is inappropriate or suggests discriminatory animus does not necessarily indicate that it is direct evidence of discrimination. *Dunnom v. Bennett*, 290 F.Supp.2d 860, 868 (S.D. Ohio 2003) (concluding that a supervisor's statement to the effect that "women did not belong" was

not direct evidence of discrimination).

The comment that Plaintiff "has a bad reputation in Dayton" does not relate to age or sex discrimination nor does it suggest a discriminatory animus. Additionally, the comment that Plaintiff "has 34 years, and that is enough" is not clearly related to the promotion at issue and is not the type of blatant and unequivocal comment that is direct evidence of discrimination.

### B. Age and Gender Discrimination Pursuant to the ADEA and Title VII

The Age Discrimination in Employment Act ("ADEA") prohibits discrimination in employment on the basis of age. *See* 29 U.S.C. § 623(a). Federal law also prohibits discrimination in employment on the basis of gender. *See* 42 U.S.C. § 2000e, *et seq*. ("Title VII"). A plaintiff establishes a *prima facie* case pursuant to the ADEA and Title VII by demonstrating that: (1) he was a member of the protected class; (2) he was qualified for the job he held; (3) he suffered an adverse employment action; and (4) that he was treated differently than similarly situated younger and/or female employees. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996) (ADEA); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (ADEA); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998) (ADEA); *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)) (Title VII).

Defendant acknowledges, and the Court agrees, that Plaintiff has established a *prima facie* case of age and gender discrimination.  However, once a plaintiff has established a *prima facie* case, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the employee's adverse employment action.  *Logan v. Denny's, Inc.*, 259 F.3d 558, 567 (6th Cir. 2001) (quoting *McDonnell Douglas Corp.*, 411 U.S. at 802).  If the defendant carries this burden, the plaintiff must then "prove that the proffered reason was actually a pretext for invidious discrimination."  *(Id.)*

In this case, for the reasons set forth in detail below, Defendant has offered sufficient evidence to satisfy its burden of proof that it selected Ms. Lucas because she was found by the selecting official to be the best qualified applicant for the position in question.  (Doc. 26, Ex. B).  In her sworn affidavit, Ms. Lehman states that she made her selection based on her review of Plaintiff's written application materials and her prior knowledge of the work performance of several of the applicants, including both the applicant and the selectee.  (*Id.*)  Ms. Lehman's selection was also motivated by Ms. Lucas' numerous performance awards, her selection as the DCMA Employee of the Year, and her appointment as the Mechanization of Contract Administration Services ("MOCAS") trusted agent at DCMA GE-Evandale.  (*Id.*)  According to Ms. Lehman, these facts confirmed that Ms. Lucas was an outstanding employee.  (*Id.*)

Additionally, Ms. Lehman stated that she received advice from Plaintiff's first-level supervisor that Plaintiff was not a highly motivated employee and that he was the type of employee who only did enough work to get by.  (*Id.*)  This advice, together with the fact that Plaintiff had never received a performance award in over 20 years of federal service, indicated that Plaintiff was not an outstanding performer and was therefore not the best qualified applicant for the position.  (*Id.*)  Moreover, Ms. Lehman denied that she considered Plaintiff's age or sex in her selection.  (*Id.*)

Plaintiff claims that Defendant's proffered reasons for selecting Ms. Lucas were actually pretext for invidious discrimination.

To establish pretext, a plaintiff must demonstrate "that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1021 (6th Cir. 2000).  The first type of proof requires that Plaintiff show that the basis for the selection never happened or is factually false.  *(Id.)*  The second type of proof consists of a demonstration that "an illegal motivation was more likely than [the reasons] offered by the defendant." *(Id.)*  The third type of proof consists of evidence that other younger and/or female employees or employees who were otherwise similarly situated to Plaintiff were not selected.  (*Id.*)  Plaintiff fails to present evidence in order to establish pretext.

### 1. *Pattern of Discrimination*

In an attempt to prove that Defendant's proffered nondiscriminatory reason for hiring Ms. Lucas was pretext for discrimination, Plaintiff claims that Defendant's selection was based on an illegal motivation, alleging discrimination relating to several past selections made by the Defendant agency.

In pattern claims of discrimination under Title VII, the plaintiff must demonstrate that discrimination was "standard operating procedure." *Lujan v. Franklin County Bd. of Educ.,* 766 F.2d 917 (6th Cir. 1985) (quoting *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 336 (1977)). Moreover, the Sixth Circuit has held "that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs." *Bacon v. Honda of Am. Mfg., Inc.,* 370 F.3d 565, 575 (6th Cir. 2004). The *Bacon* court reasoned "that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case." *Id.; see also*, *Int'l Bhd. of Teamsters*, 431 U.S. at 359-60 ("the pattern-or-practice method of proof is limited to class actions or suits by the government"). Notwithstanding the controlling caselaw in this matter, the undersigned will address Plaintiff's allegations regarding a pattern of discrimination.

Plaintiff claims that Alan Lameier applied to be a grade GS-12 Quality Assurance Specialist in the timeframe from 2000-2002. (Doc. 27). However, Ms. Lehman selected a female who had not worked in the quality assurance field for a number of years. (*Id.*) Plaintiff alleges that Mr. Lameier was more qualified than the female who was selected.

(*Id.*) Plaintiff does not, however, offer an affidavit supporting these allegations or evidence regarding the specific qualifications of the alleged female selectee or Mr. Lameier. (*Id.*) Therefore, it is impossible for the Court to assess whether the selection may have been discriminatory.

Additionally, Plaintiff alleges that the selection of Lynn Ruehl to a contracting officer position in 2004 is evidence of discrimination. (Doc. 27). Plaintiff opines that he was prevented from applying for the position because the position was advertised as being located at Wright-Patterson AFB near Dayton, Ohio, and he was not interested in a position at that location. (Doc. 1, ¶ 8). Plaintiff further alleges that Ms. Lehman violated the agency's Merit Promotion Regulation when she then assigned the selectee to a position in Cincinnati rather than at the advertised location. (*Id.*, ¶¶ 8, 9). Plaintiff admits, however, that he did not apply for this particular position and that he made no inquiries regarding the position when it was advertised. (Doc. 26, Ex. A, pp. 20-22). Even if Plaintiff's factual allegations are true, Plaintiff has not offered any evidence, by affidavit or otherwise, to show that Ms. Lehman intentionally misrepresented the location of the position in order to prevent Plaintiff from applying in the first instance or that Ms. Lehman was motivated by a discriminatory animus against Plaintiff when she selected Ms. Ruehl and assigned her to work in Cincinnati.

Accordingly, based on controlling caselaw and Plaintiff's failure to offer sufficient proof, the undersigned finds that Plaintiff's allegations do not establish pretext for discrimination.

*2.     Statistics*

Plaintiff also alleges that he has statistical evidence to support Defendant's discriminatory animus. (Doc. 1, ¶ 4). Specifically, he alleges that where employees over the age of 55 made up 36 percent of the Operations Group supervised by Ms. Lehman, only 6 percent of the employees promoted were over the age of 55. (Doc. 1, ¶14). However, Plaintiff's minimal statistical information is insufficient to establish pretext or prove discrimination.

"Appropriate statistical data showing an employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an inference that a defendant discriminated against individual members of the class." *Barnes v. GenCorp, Inc.,* 896 F.2d 1457, 1466 (6th Cir. 1990). To create such an inference, however, "the statistics must show a significant disparity and eliminate the most common nondiscriminatory explanations for the disparity." *Bender v. Hecht's Dep't Stores,* 455 F.3d 612, 622 (6th Cir. 2006) (quoting *Barnes,* 896 F.2d at 1466). Plaintiff's statistical analysis does little to support his position because: (1) it fails to eliminate the most common nondiscriminatory explanations for the disparity, such as differences in skills or education, and (2) it fails to analyze statistics of the entire suspect class, which includes employees over the age of 40, not 55. Accordingly, the data does not support an inference that Defendant discriminates against persons over the age of 40.

First, Plaintiff's focus on employees over the age of 55 is inconsistent with the ADEA, which prohibits discrimination against persons over the age of 40. In addition, Plaintiff does not present any evidence to establish the underlying validity of his statistics. For example, the analysis does not consider that employees over age 40, or for that matter, over age 55, may already occupy the higher graded positions and may not have applied for promotions in numbers proportionate to their representation in the workforce.

Furthermore, the record evidence establishes that Ms. Lehman has a positive record for selecting males over age 40, and even over age 50. (Doc. 26, Ex. B-5). In 2005, there were a total of eight promotion actions in the DCMA Dayton Operations Group supervised by Ms. Lehman. (*Id*.) For all of these actions, Ms. Lehman was either the selecting official or the agency approving official over the selecting official. (*Id*.) Of these eight promotions, five of the selectees were male. (*Id*.) Furthermore, seven of the eight selectees were over age 40, and four of these individuals were over age 50. (*Id*.)

Moreover, Title VII does not require perfect balance in a workforce. *Int'l Bthd of Teamsters*, 431 U.S. at 339, n.20. Even statistics which show a prolonged and marked imbalance may not be controlling in an individual discrimination case where a legitimate reason for the employer's action is present. *McDonnell Douglas Corp.*, 411 U.S. at 805 n.19. Accordingly, Plaintiff fails to offer sufficient statistical evidence to establish pretext for discrimination.

### 3.     *Qualifications*

An employee can also establish pretext by presenting evidence that his or her qualifications were plainly superior to those of the selectee. *Toledo v. Jackson*, 207 Fed. Appx. 536, 538 n. 4 (6th Cir. 2006). Plaintiff failed to present evidence that his qualifications were so far and plainly superior to those of the selectee that the disparity in qualifications alone could warrant a finding of pretext. Although Plaintiff had 24 years of experience as a GS-11 contract administrator compared to the selectee's nine years of experience, Plaintiff offered no evidence to show that this difference in time on the job makes a qualitative difference in an employee's performance. The qualification requirement in the vacancy announcement required only one year of experience at the GS-11 level for promotion to the GS-12 position. (Doc. 26, Ex. B-1). The same is true with respect to Plaintiff's claim that he was more familiar with the contractors and the contract workload in the Cincinnati office. Familiarity with the Cincinnati office workload was not a qualification requirement for the position, and there is no evidence that such familiarity makes the Plaintiff a plainly superior candidate. (*Id*.)

Similarly, Plaintiff's college degree and post-graduate courses in business and law do not make him the plainly superior candidate. A college degree was not a qualification requirement for applicants who occupied a GS-11 position on or before September 30, 2000. (Doc. 26, Ex. B-1). The selectee occupied a GS-11 position since May 1996 and thus satisfied this requirement. (*Id*., Ex. B-2). Furthermore, Plaintiff offered no evidence apart from his opinion that a college degree made him the plainly superior candidate.

Moreover, the issue is not whether Defendant made the best possible decision in selecting Ms. Lucas, but whether it made a discriminatory decision. *Stein v. National City Bank*, 942 F.2d 1062, 1065 (6th Cir. 1991) ("It is not the function of courts to judge the wisdom of particular business policies."). "Assuming that Plaintiff was more qualified than any other applicant, the ADEA does not prohibit Defendant from hiring applicants not as qualified as Plaintiff, the ADEA prohibits rejecting applicants between ages 40 and 70 on the basis of age." *Hall v. Marin Marietta Energy Sys., Inc.*, 856 F.Supp. 1207, 1215 (W.D. Ky. 1994), *aff'd* 54 F.3d 776 (6th Cir. 1995). The burden remains with the Plaintiff to prove that his age was a determining factor in the selection action. *Phelps v. Tale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir.), *cert. denied*, 114 S. Ct. 175 (1993).

The same is true for Plaintiff's allegations of gender discrimination. It is well established that Title VII liability cannot rest solely on the determination that an employer misjudged the relative qualifications of admittedly qualified candidates. *Fischbach v. District of Columbia Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir. 1996). Title VII does not diminish management's prerogative of choosing among qualified candidates to fill a vacant position. *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987).

Accordingly, the undersigned finds that Plaintiff failed to present evidence that his qualifications were plainly superior to Ms. Lucas and therefore failed to establish pretext for discrimination as required in order to survive Defendant's motion for summary judgment.

## IV.  CONCLUSION

Based on the evidence of record, the Court finds that there are no genuine issues of material fact for trial and Defendant is entitled to judgment as a matter of law.  It is therefore **RECOMMENDED** that Defendant's motion for summary judgment (Doc. 26) be **GRANTED** and this case be **CLOSED**.


Date: October 9, 2008                                                          s/ Timothy S. Black
                                                                               Timothy S. Black
                                                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARRY L. BARTLETT, | : | Case No. 1:07-cv-127 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ROBERT M. GATES, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).